IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEDADIAHA ASHBURN,

       Petitioner,

v.                                                           CIV 07-718 MV/CEG

JAMES JANECKA, Warden, et al.,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Jedadiaha Ashburn's (Ashburn) pro se petition for writ of habeas corpus under 28 U.S.C. § 2554 and Respondents' Answer. *See Docs. 1, 9.*[1]  In their Answer, Respondents contend that Ashburn's § 2254 petition should be dismissed because it was not filed within the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  I agree, and, for the reasons below, recommend that Ashburn's § 2254 petition be dismissed with prejudice.[2]

I.  Background

On August 12, 2003, the New Mexico state district court entered judgment against Ashburn, sentencing him to a term of eighteen years.  *See Ex. A.*  Ashburn appealed, and his convictions were affirmed in a memorandum opinion filed by the New Mexico Court of Appeals on June 9, 2004.  *See Ex. G.*  Thereafter, on June 21, 2004, Ashburn filed a petition for writ of

---

[1] All citations to "Exhibits" are to those attached to Respondents' Answer, which was docketed as Document 9.

[2] All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); *Rule 8(a), Rules Governing Section 2254 Cases In The United States District Courts.*

certiorari.  *See Ex. H*.  On October 21, 2004, the New Mexico Supreme Court denied his petition for certiorari in a form order.  *See Ex. J*.  The New Mexico Court of Appeals issued its mandate to the state district court on December 2, 2004.  *See Ex. K*.  Ashburn did not seek a writ of certiorari from the United States Supreme Court.

On May 24, 2006, Ashburn filed his petition for writ of habeas corpus in state district court.  *See Ex. L*.  His state petition was summarily dismissed by the district court on June 9, 2006.  *See Ex. M*.  Ashburn then filed a petition for writ of certiorari, which was denied by the New Mexico Supreme Court on August 14, 2006.  *See Ex. O*.  Ashburn filed his § 2254 petition in this Court on July 26, 2007.  *See Doc. 1*.

## II.  Analysis

AEDPA provides a one-year statute of limitations for all habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d)(1).  In this case, the period began running on January 19, 2005, when Ashburn's conviction became final by virtue of the expiration of the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court.  *See* 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Thus, since the one-year limitation in AEDPA is calculated using the anniversary date method, *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003), the deadline for filing a federal habeas petition in this case was January 19, 2006.  Ashburn did not even file his state court petition for writ of habeas corpus until May 24, 2006, over 120 days past the applicable AEDPA deadline.  After his state post-conviction proceedings ended, Ashburn waited an additional 343 days to file his § 2254 petition.  Therefore, clearly, his § 2254 petition is untimely.

The one-year AEDPA time limit may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by

extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) *cert. denied*, 531 U.S. 1194 (2001). Ashburn has the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). According to the Tenth Circuit, equitable tolling is appropriate in "only rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted). In this instance, Ashburn has made no showing that equitable tolling should apply to his case. However, he will have the opportunity to demonstrate in his objections why he should be entitled to equitable tolling.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as untimely.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE